## Rindskoph et al. v. Kuder et al.

1. *Propositions of Law—Effect of a Failure to Present.*—When in a chancery proceeding no propositions to be held as law in the decision of the case were presented to the court below or exception taken to any ruling of the court as to the reception or rejection of evidence, the sole question for this court on appeal is, is the decree supported by the evidence.

2. *Party Calling His Adversary as a Witness, Not Concluded by His Testimony.*—Where, in a proceeding by a creditor's bill, the complainants called the defendants and put them upon the stand as their witnesses, the complainants are not concluded by their testimony, nor is the court bound to accept it as absolutely true.

3. *Credibility of Witnesses.*—The trial court has means and opportunities for judging as to the credibility of witnesses, and as to the weight that ought to be given to their testimony, far superior to that

of the Appellate Court, and if the trial court did not discredit their testimony there is no reason why the Appellate Court should do so.

Memorandum.—Creditor's bill. Appeal from a decree of the Circuit Court of Champaign County dismissing the bill; the Hon. FERDINAND BOOKWALTER, Circuit Judge, presiding. Heard in this court at the May term A. D. 1892, and affirmed. Opinion filed October 17, 1892.

## APPELLANTS' BRIEF.

A party may not discredit his own witness by direct impeaching testimony, but we are aware of no rule whereby one is bound by any testimony any witness may give. The statement by a witness that a transaction was upon good consideration- and all in good faith, is but a conclusion, and what he may deem honest and fair the law may pronounce fraudulent as against creditors. Mitchell v. Sawyer, 115 Ill. 657.

Appellants are not bound by the testimony of appellees, i. e., their conclusion that there was fraud. Mitchell v. Sawyer, 115 Ill. 657; Bell v. Devore, 96 Ill. 217; Thorne v. Crawford, 17 Ill. App. 397.

KERRICK, LUCAS & SPENCER, and GERE & PHILBRICK, solicitors for appellants.

## APPELLEES' BRIEF.

A party is not permitted to discredit his own witnesses; by calling them to testify in his behalf he vouches for their character and integrity. Hill v. Ward, 2 Gilman, 285 ; Griffin v. City of Chicago, 57 Ill. 317.

JOHN J. REA, solicitor for appellees.

OPINION OF THE COURT, the Hon. Carroll C. Boggs, Judge.
This was a creditor's bill brought by the appellants to set aside as fraudulent a transfer and conveyance of certain property, real and personal, made by Christopher L. Kuder to Susanna Kuder, his mother. Appellants, judgment creditors of Christopher, allege that the conveyance in question

was not *bona fide*, but merely colorable, and that the mother really holds the property in secret trust for the benefit of the son, in fraud of their rights as creditors. The appellees answered, denying all charges of fraud, or that a trust, secret, or otherwise, existed, and averring that Christopher L. was indebted to Susanna, and that the conveyance and transfer in question was made in good faith to discharge such indebtedness.

The decree of the court, upon full hearing, was that the bill be dismissed, from which this appeal is prosecuted.

No propositions to be held as law in the decision of the case were presented to the court, nor was exception taken to any ruling of the court as to the reception or rejection of evidence.

The sole question urged upon this court is, that the decree, under the evidence, should have been for the appellants.

The appellants introduced the appellees as witnesses, and the testimony thus elicited is all that was offered in regard to the sale and transfer of the property or the existence of a trust.

The statements of both are that Christopher L., some years before the transfer and conveyance sought to be vacated, became indebted to his mother in the sum of $3,000, for money borrowed, upon which he had paid annually the interest at seven per cent; that he became indebted to others beyond his ability to pay, and desired to discharge the debt to his mother; that the mother consented to receive the property in question in settlement of her claim and to pay the son $1,000 in addition thereto, and that the whole transaction was *bona fide*, and not fraudulent. We do not think that the appellants were concluded by this testimony though it came from witnesses produced by themselves. Nor do we think the court was bound to accept it as absolutely true.

Counsel for appellants in their brief say they understand the court regarded them and the court as absolutely concluded by the testimony of the appellees. If counsel feared

that the court was laboring under a misapprehension as to the law in this respect they should have presented a proposition of and stating the true rule, and asked that it be held or refused by the court.

In the absence of such a proposition our presumption is that the circuit judge entertained correct views as to the law and that he differed from appellants only as to the facts. We have been furnished by the counsel with full and extensive briefs in which all the evidence is reviewed and ably commented upon.

We have made a careful examination of the testimony and considered all that has been said by counsel with reference thereto, and without reciting the evidence or our reasoning thereupon we deem it proper only to say that we find the decree of the Circuit Court amply sustained by the proof.

That Christopher was actually indebted to Susanna, his mother, clearly appears. The conveyance and transfer was for the purpose of discharging this debt in preference to paying debts due to others. That this might lawfully be done is not only indisputable but is not disputed. These conclusions of course rest largely upon the testimony of the appellees, introduced as witnesses by the appellants. Excluding such testimony, the appellants are wholly without proof to support the bill. The Circuit Court had means and opportunities for judging as to the credibility of the appellees as witnesses and as to the weight that ought to be given their testimony far superior to ours, and if it did not discredit their testimony we can imagine no reason why we should do so. The property transferred was an undivided one third interest in the personal and in certain real estate devised to Christopher L. by the will of his deceased father. Its value was variously estimated by the different witnesses produced by the contending parties and was rendered still more uncertain by the fact that it, with the remainder of the estate of the father, was subject to the payment of an indefinite but large indebtedness of the father. For this undivided interest Susanna gave up Christopher's indebtedness of some-

thing more than $3,000, and gave him her note for $1,000, conditioned that if any of the land of the estate had to be sold to pay the debts of the deceased that the note should be proportionately reduced. We do not find this amount thus received and to be received by Christopher so disproportionate to the estimated value of the property as to stamp the transaction as fraudulent. Nor do we find any proof whatever of the existence of a trust. The witnesses expressly deny that a trust exists or existed and the facts as detailed do not show to the contrary.

To enter into a recitation of the facts in detail and discussion of the views of counsel, and our view upon the facts, would be fruitless of good to either party, and would unnecessarily incumber the reports of the opinions of this court. The decree appears to us correct and is affirmed.